No. 25-11339-HH

ANDREW H. PEARS, Administrator for the Estate of
JONATHAN PEARS, deceased, and ANDREW H. PEARS,

Appellants,

v.

JACOB BODDIE, et al

Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
2:21-cv-00668-CLM-JTA

_____

K. DAVID SAWYER, ESQ.
McPHILLIPS SHINBAUM, LLP
432 E. JEFFERSON STREET
MONTGOMERY, ALABAMA 36104
(334) 262-1911
kdsawyer64@outlook.com

---

**APPELLANT'S RESPONSE TO JURISDICTIONAL QUESTION (DOC. 11)**

COMES NOW the undersigned counsel of record for Appellant, ANDREW H. PEARS, Administrator for the Estate of JONATHAN PEARS, deceased, and respectfully responds to this Honorable Court's Jurisdictional Question in this appeal

(No. 25-11339-HH) (Doc. 11). At summary judgment, the district court granted qualified immunity to Defendant Boddie; denied qualified immunity to Defendant Oliver; and set this case for trial. After an interlocutory appeal had been filed by Co-Defendant Oliver, Appellant Pears sought and received "final judgment" concerning the district court's summary judgment entered in favor of Defendant Boddie. Appellant Pears then filed a separate appeal in this action as to Defendant Boddie. (USDC Doc. 113).

In response to this Court's jurisdictional question, and after further review of *Lloyd Noland Foundation v. Tenet Health Care Corp.*, 483 F.3d 773 (11th Cir. 2007), the Appellant understands that appellate jurisdiction generally exists only when a district court enters final judgment and adjudicates all of the claims of all of the parties in a suit. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983). In addition, the Appellant further recognizes that an order granting qualified immunity is normally not immediately appealable. See *Winfrey v. Sch. Bd. of Dade Cnty.*, 59 F.3d 155, 158 (11th Cir. 1995).

In this action, Plaintiffs filed three (3) claims against three (3) separate defendants. On January 9, 2023, the district court granted Defendant Bill Franklin's Motion to Dismiss (Doc. 65), and on February 11, 2025, the district court granted Defendant Jacob Boddie's Motion for Summary Judgment; but denied Defendant

1

Arnold Oliver III's Motion for Summary Judgment (Doc. 99, and Doc. 100). On April 11, 2025, the district court entered final judgment pursuant to Rule 54(b) as to the summary judgment entered in favor of Defendant Boddie. (Doc. 111, and Doc 112). However, this district court's Rule 54(b) determination is not conclusive on the appellate court, thereby allowing the Appellate Court to determine whether the district court's certification order "fit[s] within the scope of the rule." *In re Se. Banking Corp.*, 69 F.3d at 1546. If it does not, the Court must dismiss the appeal or find another basis for jurisdiction. *Lloyd Noland*, 483 F.3d at 778 n.5.

In this case, the district court entered partial adjudication as to Plaintiff's claim against Defendant Boddie as requested by the Appellant. However, at this time, and in responding to this Court's Jurisdictional Question, the Appellant recognizes how this Court may "scrutinize the district court's evaluation of the interrelationship of the claims, in order to decide whether the district court completely disposed of one or more claims." *In re Se. Banking Corp.*, 69 F.3d at 1546. "[T]he touchstone for determining whether an entire 'claim' has been adjudicated for the purposes of Rule 54(b) is whether that claim is separately enforceable without mutually excluding or substantially overlapping with remedies being sought by the remaining claims pending in the district court." *Lloyd Noland*, 483 F.3d at 780.

The Appellant's appeal (No. 25-11339-HH) is unique. This appeal was filed by Andrew Pears, as Administrator for the Estate of Jonathan Pears, deceased, due

to Defendant Boddie's alleged violations of the Fourth Amendment, and the district court's summary judgment granted to Defendant Boddie. However, as stated above, this appeal was filed following an interlocutory appeal filed by one of the named co-defendants, Defendant Oliver. The time, location, facts, claims and defenses in this action are highly relevant to all parties where the Appellant was injured by one Defendant; and his son, Jonathan Pears, deceased, was shot and killed by another Defendant.

While the Appellant seeks to potentially address each of the district court's earlier decisions, it is understood that this is generally not allowed until the district court enters final judgment and adjudicates all of the claims of all of the parties in a suit. Moreover, the Appellant opposes the pending interlocutory appeal filed by Defendant Oliver and may likely appeal the earlier decision dismissing Defendant Franklin. In this regard, despite the initial intentions by the Appellant and rulings by the district court, the Appellant does not believe this action is indeed "final" for purposes of this Court's jurisdiction, or that another basis for jurisdiction exists.

Respectfully submitted this the 29th day of May 2025.

/s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61 K)
Counsel for Appellant

# CERTIFICATE OF INTERESTED PERSONS

# AND CORPORATE DISCLOSURES

The undersigned counsel of record for Appellant hereby respectfully submits this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with 11th Cir. R. 26.1-2, and lists the following entities/persons as parties in the above-styled proceeding:

1. Adams, Jerusha T. – United States District Court Magistrate Judge;

2. Boddie, Jacob – Appellee;

3. Copeland Franco Screws & Gill – former law firm representing Appellee;

4. Eller, Matthew – former Defendant;

5. Franklin, Bill – former Defendant;

6. Frawley, Jamie Helen Kidd – counsel for Appellee.

6. Hatchcock, Andrea Schlotterbeck – former counsel for Appellant;

7. Hooks, Demetrius – former Defendant;

8. Maze, Corey L. – United States District Court Judge;

9. McPhillips Shinbaum LLP – law firm representing Appellant;

10. Oliver, Arnold, III – Defendant;

11. Pears, Andrew H. – Appellant;

12. Pears, Mary – Appellant's spouse;

13. Sawyer, Kyle David – counsel for Appellant;

14. Segal, Robert David – former counsel for Appellant;

15. Smith, Tyler – former Defendant;

16. Walker, Constance Caldwell – former counsel for Appellee;

17. Watkins, William Keith – former United States District Court Judge;

18. Webb McNeill Walker PC – law firm representing Appellee;

Respectfully submitted this 29th day of May 2025.

/s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61 K)
Counsel for Appellee

OF COUNSEL:

MCPHILLIPS SHINBAUM, LLP
432 E. Jefferson Street
Montgomery, AL 36104
T: (334) 262-1911
F: (334) 263-2321
kdsawyer64@outlook.com

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, and 11th Cir. R. 27-1, I hereby certify that this Response to the Jurisdictional Question complies with the type-volume limitation of the Federal Rules of Appellate Procedure. The foregoing is presented in proportionally spaced font typeface using Microsoft Word in 14-point Times New Roman font, and the typeface and type style requirements of the Federal Rules of Appellate Procedure.

/s/ K. David Sawyer
K. David Sawyer
Counsel for Appellant

# CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of May 2025, a true and correct copy the foregoing was served electronically and/or by U.S. Mail to the following counsel of record:

Jamie Helen Kidd Frawley, Esq.
WEBB MCNEILL WALKER, PC.
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101-0238
(334) 262-1850 T
jfrawley@wmwfirm.com

/s/ K. David Sawyer