No. 25-11339

———————————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————————————————

ANDREW PEARS, Individually and as Administrator for the Estate of
JONATHAN PEARS, Deceased,

Appellant,

v.

JACOB BODDIE

Appellee.

———————————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2:21-cv-00668-CLM-JTA

———————————————————————

APPELLEE JACOB BODDIE'S RESPONSE TO JURISDICTIONAL
QUESTION

———————————————————————

JAMIE H. KIDD FRAWLEY
ATTORNEY FOR APPELLEE
JACOB BODDIE
WEBB MCNEILL FRAWLEY P.C.
One Commerce Street, Suite 700
Montgomery, AL  36104
(334) 262-1850 – T
(334) 262-1772 – F
jfrawley@wmwfirm.com

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record for Appellee hereby respectfully submits this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with 11th Cir. R. 26.1-2, and lists the following entities/persons as parties in the above-styled proceeding:

1. Adams, Jerusha T. – Magistrate Judge

2. Boddie, Jacob –Defendant/Appellee

3. Copeland Franco Screws & Gill – former law firm representing Plaintiff/Appellant

4. Eller, Matthew –Defendant

5. Franklin, Bill – Defendant

6. Frawley, Jamie Helen Kidd – counsel for Defendant/Appellee

7. Hatchcock, Andrea Schlotterbeck – former counsel for Plaintiff/Appellant

8. Hooks, Demetrius – Defendant

9. Maze, Corey L. – District Judge

10. McPhillips Shinbaum LLP – law firm representing Plaintiff/Appellant

11. McPhillips, Julian Lenwood, Jr. – former counsel for Plaintiff

12. Oliver, Arnold, III – Defendant

13. Sawyer, Kyle David – counsel for Plaintiff/Appellant

14.     Segal, Robert David – former counsel for Plaintiff/Appellant

15.     Smith, Tyler – Defendant

16.     Walker, Constance Caldwell – former counsel for Defendant/Appellee

17.     Watkins, William Keith – former District Judge

18.     Webb McNeill Frawley PC (f/k/a Webb McNeill Walker PC) – law firm representing Defendant/Appellee

## CORPORATE DISCLOSURE STATEMENT

COMES NOW, Appellee Jacob Boddie, and in accordance with the Order of this Court and Federal Rules of Appellate Procedure, make the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but no trust beneficiaries), affiliates, or similar reportable entities:

Appellee has no reportable entities.

**RESPONSE TO JURISDICTIONAL QUESTION**

This Court has issued the following jurisdictional question to the Parties: "Please address whether the district court's certification of its April 21, 2025, order and judgment under Federal Rule of Civil Procedure 54(b) was proper." (Doc. 12-2 in Appeal No. 25-11339.) Appellee Jacob Boddie respectfully answers this question in the negative because Appellant failed to show this is one of the rare and exceptional cases sufficient to overcome the presumption against such certification.

## I.     PROCEDURAL HISTORY

A brief explanation of the procedural history in this case is necessary to explain why 54(b) certification is inappropriate. Plaintiff-Appellant Andrew Pears filed this lawsuit both in his individual capacity and as the administrator of the estate of his late son, Jonathan Pears, in the United States District Court for the Middle District of Alabama, alleging multiple claims arising out of the ultimately tragic events of July 28, 2021. (Doc. 1, ¶¶ 5–6.) The operative pleading is the First Amended Complaint (Corrected) (Doc. 30), which names as Defendants Elmore County Sheriff Bill Franklin, Deputy Jacob Boddie, Deputy Arnold Oliver, III, Deputy Demetrius Hooks, Deputy Tyler Smith, and Deputy Matthew Eller. The First Amended Complaint only contains three counts, as follows: Count 1 alleges that Deputy Bodie (the appellee in the instant appeal) used excessive force against Jonathan Pears; Count 2 alleges that Deputy Oliver (the appellant in Case No. 25-

10782) used excessive force against Andrew Pears; and Count 3 alleges a claim "pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and its progeny" (Doc. 30, pg. 22) against Sheriff Franklin. Hooks, Smith, and Eller were all dismissed because no claims were actually alleged against them, and the claim against Sheriff Franklin was dismissed for failure to state a claim, or, in the alternative, because Count 3 is an impermissible shotgun-type claim. (Doc. 65)

After the dismissal of Hooks, Eller, Smith, and Franklin, the remaining Parties – Andrew Pears, individually and in his capacity as the administrator for Jonathan Pears and Deputies Boddie and Oliver – proceeded with extensive discovery. Boddie and Oliver filed a Motion for Summary Judgment on the Fourth Amendment claims asserted against them. (Docs. 88; 91). Appellant filed a response in opposition, (Doc. 93), to which Appellees replied. (Doc. 97.)

The district court granted summary judgment to Appellee Boddie on the claim alleged against him on behalf of Jonathan Pears, finding that the use of force against Jonathan was objectively reasonable and did not violate Jonathan's Fourth Amendment rights, or in the alternative, that Boddie did not violate clearly established law. (Doc. 99, pgs. 11-16). But the court denied summary judgment to Oliver on the claim brought against him by Andrew Pears individually. (*Id.*) Oliver timely filed a Notice of Appeal. (Doc. 102.) Appellant Pears subsequently petitioned the district court to certify its grant of summary judgment to Appellee Boddie as an

appealable final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 107) Boddie and Oliver objected to certification. (Doc. 108) The district court ultimately granted certification, finding that the judgement in Boddie's favor is effectively final, and that there is no just reason for delay in this case. (Doc. 111.)

Appellant Pears subsequently filed his Notice of Appeal (Doc. 113.) Thus, this Court is presently confronted with Andrew Pears's appeal of the grant of summary judgment to Jacob Boddie and, separately, Arnold Oliver's appeal of the district court's denial of summary judgment to him. Appellant Pears – with Appellee Boddie's consent – filed an Unopposed Motion to Consolidate Pending Appeals, (Doc. 11 in Appeal No. 25-11339.) As of the date of this answer to the Court's jurisdictional question, this Court has not ruled on the Motion to Consolidate. (*See* Docket in Appeal No. 25-11339.)

## II. THE DISTRICT COURT IMPROPERLY CERTIFIED ITS JUDGMENT IN FAVOR OF BODDIE AS FINAL BECAUSE THIS HOLDING DOES NOT FALL INTO THE RARE CATEGORY OF UNUSUAL CASES THAT WOULD JUSTIFY AN IMMEDIATE APPEAL.

Generally, this Court is limited to hearing appeals from the final judgments of district courts. *See, e.g., Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (citing 28 U.S.C. § 1291) (*per curiam*). A final order "is one that ends the litigation on its merits and leaves nothing for the court to do but execute its judgment." *Id.* (quoting *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009). If a

district court's order disposes of fewer than all of the claims against all of the parties, it is not final and, therefore, not appealable to this Court. *Freyre*, 910 F.3d at 1377 (citing *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245–46 (11th Cir. 2012) (*per curiam*).

Rule 54(b) is a "narrow exception" to this rule, *Multimedia Techs., Inc. v. City of Atlanta*, No. 22-13625, 2024 WL 64212, at *10 (11th Cir. Jan. 5, 2024), that allows a district court to certify an order as final if it "determines that there is no just reason for delay" in appealing that order. Fed. R. Civ. P. 54(b). Given the "historic federal policy against piecemeal appeals," *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022), there is a strong presumption that such certification is not needed absent "special circumstances." *Baptist Coll. of Fla. Inc. v. Church Mut. Ins. Co.*, No 24-11145, 2024 WL 3311320, at *1 (11th Cir. July 5, 2024) (per curiam). *See also Ebrahimi v. Cty. of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). This Court has held that Rule 54(b) certification is limited to "unusual case[s] … [with] pressing needs." *Ebrahimi*, 114 F.3d at 166. If this Court determines that the district court abused its discretion in certifying an order as final, it lacks jurisdiction over the appeal. *See, e.g, Baptist Coll. of Fla. Inc*, 2024 WL 3311320, at *1.

Certification under Fed. R. Civ. Pro. 54(b) thus requires a district court to determine (1) that its partial adjudication amounts to a final judgment as to the claims at issue and (2) that there is no just reason to delay finality and an appeal. Peden, 50

F.4th at 976-77.  The first question is subject to *de novo* review by this Court; the second is reviewed for an abuse of discretion.  *Id.* at 977.

Boddie agrees that the grant of summary judgment in his favor could amount to a final judgment because it resolves the only claim against him entirely.  *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).  And, candidly, if the situation were as clean as implied in Pears's initial motion and as set forth in the district court's order granting Rule 54(b) certification – that is, if everyone agreed that the case could theoretically be resolved, or at least significantly reduced, by the immediate consideration of these two distinct, but admittedly related, appeals – it would be difficult to argue that the district court had abused its discretion in holding that there is no just reason to delay entry of judgment on the claim against Bodie. As demonstrated by Pears's Response to the Jurisdictional Question, however, this case is not one of those rare cases where 54(b) certification would promote the interest of judicial administration, nor do equitable considerations counsel in favor of certification.

The district court abused its discretion in holding that Appellant Pears, in his capacity as administrator of the estate of Jonathan Pears, had satisfied the second prong of the certification test, which requires a showing that "there is no just reason for delay in certifying [the judgment] as final and immediately appealable." *Chapman v. Dunn*, 129 F.4th 1307, 1313 (11th Cir. 2025) (cleaned up) (alteration in

original). Under this prong, the "critical question is whether there is anything special or unique about th[e] case that would warrant immediate review." *Vazquez-Klecha v. Bickerstaff*, No. 22-10385, 2023 WL 5321308, at \*7 (11th Cir. Aug. 18, 2023). In deciding whether there are some unique, extenuating circumstances warranting immediate review, the court must balance judicial administrative interests (including the historic policy against piecemeal appeals) on the one hand against relevant equitable concerns on the other. *Id.* (quoting *Ebrahimi*, 114 F.3d at 165–66).

In this case, there is no legitimate judicial administrative concern sufficient to overcome the "presumption against Rule 54(b) certification." *Peden*, 50 F.4th at 978. If the party seeking certification cannot show that certification will actively "promote the interests of judicial administration" by avoiding piecemeal appeals, then this factor weighs against certification. *Ebrahimi*, 114 F.4th at 167. Put differently, certification must affirmatively work towards the "limitation of piecemeal appeals," *Id.* at 168, or to "increase efficiency," *Peden*, 50 F.4th at 979, in order to justify a departure from the final judgment rule. This Court has held that the litmus test for deciding when judicial administrative concerns weigh in favor of certification is when it will prevent a "greater overall expenditure of judicial resources" by reducing the need for two or more three-judge panels to "familiarize themselves with a given case." *Ebrahimi*, 114 F.4th at 168. This Court has been clear that the policy against piecemeal appeals is served if it can prevent multiple panels

from having to learn the same set of facts when the remaining claims come up on appeal, even if they are applied to different legal theories within a case. *Id. See also Vazquez-Klecha*, 2023 WL 5321308 at *8 (overturning certification of an order that was "based on the same set of facts" as unadjudicated issues).

The district court held that certification "would further, rather than detract from, the historical federal policy against piecemeal appeals," (Doc. 111, p. 3,), in part because it would "likely limit the number of Eleventh Circuit panels that need to become familiar with this case," (*Id.*) but this conclusion is not entirely true: certification does not necessarily *limit* anything, as much as it simply potentially rearranges the allocation of judicial resources without changing the aggregate burden. The claims against Boddie and Oliver are factually and legally related, but not identical. Even assuming consolidation, judicial resources would only ultimately be conserved if this Court both affirmed the judgment for Boddie and reversed the denial of summary judgment for Oliver, thus effectively ending the case in its entirety; conversely, the only potentially avoidable inefficiency would occur if the Court reverses the denial of summary judgment to Oliver, and a second appeal is then filed on behalf of Jonathan Pears as to the claims against Boddie.[1] Obviously,

---

[1] A judgment in favor of Boddie and/or Oliver would provide an alternate ground for affirming the dismissal of the other claims, as claims based on another person's use of force are not viable unless the underlying use of force is deemed unconstitutional. *See Knight through Kerr v. Miami-Dade County*, 856 F.3d 795, 821 (11th Cir. 2017).

Boddie and Oliver both take the position that judgment should be granted in their favor and would like true finality to occur as quickly as possible; however, there are simply too many possible outcomes that would still likely result in a second appeal and/or cross-appeal being filed by one or more parties, depending on the ultimate outcome of any trial that may occur, for them to agree that 54(b) certification is appropriate under the rigorous test.

In addition to the fact that there are no judicial administrative concerns that argue in favor of certification, there are likewise no "equitable concerns" that supported certification. *Vazquez-Klecha*, 2023 WL 5321308, at *7. To make this assessment, this Court asks whether there would be any "unusual hardship in requiring … any of the parties … to await the disposition of the entire case before obtaining appellate review." *Ebrahimi*, 114 F.3d at 168. Certification must actively advance the cause of "alleviat[ing] some danger or hardship or injustice associated with delay." *Chapman*, 129 F.4th at 1314. The equitable considerations must be those specific to the parties at issue and not "the normal consequences of litigation." *Baptist Coll. of Fla. Inc.*, 2024 WL 3311320, at *1. Only rarely will equitable concerns argue in favor of certification. *See Chapman*, 129 F.4th at 1314.

Comparing *Chapman*, which was adjudged to be "one of those rare cases in which 'equitable concerns' warrant certification," 129 F.4th at 1314, to the circumstances *sub judice* demonstrate just how unnecessary certification is here. In

*Chapman*, this Court held that it was appropriate to certify an order disposing of all the defendants except one as final and appealable because, *inter alia*, (1) the one unadjudicated party was subject to complex, unrelated bankruptcy proceedings that posed an indefinite delay in final judgment; (2) the plaintiff-appellant was pro se; (3) the delays would hamper plaintiff-appellant's attempt to seek injunctive relief. *Id.* at 1314–15. None of these are true in this case, as Appellant has the benefit of counsel, he is not seeking injunctive relief, and the ordinary delays associated with this appeal and any potential trial will not delay his other claims in the same degree as the unrelated, byzantine bankruptcy proceeding in *Chapman*. *Cf. Baptist College of Florida, Inc.*, 2024 WL 3311320 at *1 (discussing differences between the "normal consequences of litigation" and a true particularized hardship justifying 54(b) certification). The only similarity between *Chapman* and this case is that both appellants are in their sixties and suffer from certain medical conditions. However, in *Chapman*, the appellant's poor health was a more immediate concern because only limited discovery had occurred so that the testimony of key witnesses was subject to potential loss. 129 F.4th at 1315-16. The parties have already engaged in extensive discovery in this case, including the deposition of Appellant Pears. In sum, there is no compelling need to "alleviate some danger or hardship or injustice associated with delay," *Id.*, and there are accordingly no equitable considerations that support certification.

# CONCLUSION

Defendant-Appellee Deputy Jacob Boddie therefore respectfully requests that this Court find that its jurisdiction has not properly been invoked in the appeal filed by Andrew Pears, as Administrator for the Estate of Jonathan Pears, as to the summary judgment entered in Appellee Bodie's favor, and accordingly dismiss the appeal.

Respectfully submitted this the 30th day of May, 2025.

<u>**s/Jamie Helen Kidd Frawley**</u>
JAMIE H. KIDD FRAWLEY (ASB-7661-M76H)
Attorney for Appellee Jacob Boddie
WEBB MCNEILL FRAWLEY, P.C.
One Commerce Street, Suite 700
Montgomery, AL 36104
(334) 262-1850 – T
(334) 262-1772 – F
jfrawley@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

K. David Sawyer
MCPHILLIPS SHINBAUM, LLP
432 E Jefferson Street
Montgomery, Alabama 36104
kdsawyer64@outlook.com

**s/Jamie Helen Kidd Frawley**
OF COUNSEL

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this Reply complies with the requirements of Fed. R. App. Pro. 32(a) and 32(c) in that it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Times New Roman Font. The entire Response to Jurisdictional Question, excluding those items specified in Fed. R. Appa. Pro. 32(f), consists of 2,346 words.

**s/Jamie Helen Kidd Frawley**
OF COUNSEL
